**UNITED STATES STEEL AND CARNEGIE PENSION FUND,**
etc., et al., Plaintiffs,

v.

**Robert ROY, an individual, Defendant.**

No. 81–992–Civ.

United States District Court,
S.D. Florida,
Miami Division.

June 20, 1986.

James Carney, Pittsburgh, Pa., Frates, Bienstock & Sheehe (Sheehe), Miami, Fla., for plaintiffs.

Stephen Cahen, Miami, Fla., for defendant.

MEMORANDUM OPINION AND FINAL ORDER DENYING DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD OF APRIL 4, 1985

SPELLMAN, District Judge.

THIS CAUSE came before the Court on the Defendant's, Robert Roy, ("ROY") Motion to Vacate Arbitration Award of April 4, 1985. Roy's motion was filed July 10, 1985, although his memorandum in support thereof was not filed until December 9, 1985. The Plaintiffs, who will be referred

to collectively as United States Steel ("USS"), filed their response January 6, 1986.

## PROCEDURAL BACKGROUND

This dispute, which arose out of Roy's denial of a Rule–65 pension [1], was originally sent to arbitration as early as 1981. On March 31, 1981, Richard Burton, Esquire, serving as an arbitrator, issued an award in favor of Roy. On January 4, 1982, the Court remanded the matter to the arbitrator for findings of fact and conclusions of law. Said findings and conclusions were filed with the Court on February 5, 1982. On June 29, 1982, the Court granted the Plaintiffs' Motion to Vacate the Arbitrator's Award on the ground that the arbitrator did not confine his decisions to the interpretation and application of the collective bargaining agreement. The arbitrator had improperly gone outside the agreement and the criteria therein for his decision. The Eleventh Circuit Court of Appeals affirmed this Court's order on October 4, 1983.

The matter was then remanded to a different arbitrator for further proceedings. This time, the arbitrator, Jack Clarke, issued his opinion and award in favor of the Plaintiffs. The opinion and award was issued April 4, 1985. In his well reasoned and thorough opinion, Clarke found that the act performed by the Plaintiffs, to wit, a telephone call to Roy on June 29, 1979 at approximately 4:10 p.m. constituted an "offer" of Suitable Long Term Employment under the plan, Appendix B. About thirty minutes after the phone call, Roy called Charles Gentzel, Manager-Personnel, back, and rejected [2] the offer, saying that he felt it was a ruse to preclude him from getting benefits he felt were due him.

1. The Rule–65 Pension Plan provided that an immediate pension would be available to employees with twenty years of service as of the last day worked, whose age and service equaled 65 or more, whose jobs were eliminated by plant shutdowns or similar circumstances and who were not offered a job constituting Suitable Long Term Employment as defined in Appendix

In short, the position went to someone else, and Roy tried, through various means available under the plan, to secure benefits under the Rule-of–65 pension plan. He was unsuccessful, and resorted to arbitration, which brings us to the point in time when the case appeared before the Court. It is now the Defendant who claims that the arbitration award should be set aside.

## ARBITRATION

The Defendant's position that the arbitration award should be set aside is two-fold. He states:

[t]here is no evidence in the record to support the arbitrator's position on page 23 that it was not reasonable for Robert Roy to conclude based upon his own experience of 20 years with U.S. Steel, and 30 years of past practice that the offer of June 29, 1979, was only a conditional offer.

\* \* \* \* \* \*

[t]he present arbitrator (Clarke) stated that it was within his jurisdiction to interpret the word "offer" in whether a valid offer was made under the Rule of 65 Pension Plan. The original arbitrator, Richard Burton, in the first arbitration made the same conclusion and found in the findings of fact that U.S. Steel did not make a valid job offer on June 29, 1979. While the two arbitrators came to two different conclusions, both arbitrators acted within their jurisdiction. As a result, this Court should uphold the first arbitrator's, Richard Burton, award.

The paragraphs quoted above constitute the Defendant's contentions. No law is cited, and therefore the Court is left primarily to its own understanding of the Defendant's claims.

The Plaintiffs response to these claims is simple. They argue that there was no evi-

B of the United States Steel 1977 Non-Contributory Pension Rules.

2. Testimony was given that indicated that Roy rejected the offer immediately. He did, however, call Gentzel back and confirmed that the offer was in fact being rejected.

dence to sustain Roy's position that the offer made by USS was not binding, and that the factual findings of an arbitrator are not subject to judicial review, citing *Fukaya Trading Co. v. Eastern Marine Corp.*, 322 F.Supp. 278, 282 (E.D.La.1971), among other cases. The Plaintiffs go on to argue that the arbitrators did not decide the same issue, and that therefore the Court cannot simply choose which conclusion it finds to be most just. The Court finds that the position taken by USS comports more with the relevant case law than does that taken by the Defendant.

### THE COURT'S LIMITED ROLE

■ The Supreme Court has held that "[t]he refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1959). Thus, unless a statutory ground under 9 U.S.C. § 10 exists to disturb the award, the Court must refuse to do so. Part and parcel of subsection (d) of the statutory provision which states that an award can be set aside "where the arbitrators exceeded their powers ..." is where an arbitrator makes an award in manifest disregard of the law. Under those circumstances, an award can be set aside. *Sheet Metal Workers International, etc. v. Kinney Air Conditioning Co.*, 756 F.2d 742 (9th Cir.1985). Practicing a manifest disregard of the law is not synonomous with interpreting the law incorrectly. In fact, the Court cannot set aside an award merely because the arbitrator incorrectly applied the law, if the award is drawn from the essence of the collective bargaining agreement. *Local No. P–1236 Amalgamated Meat Cutters & Butcher Workmen of North America, AFL–CIO v. Jones Dairy*

*Farm*, 680 F.2d 1142, 1145 (7th Cir.1982). Furthermore, "[u]nder well-established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one." *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum & Plastic Workers of America*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983) (citation omitted).

■ In short, the Defendant has failed to show any compelling reason supported by the case law or by statute that would give rise to this Court vacating the arbitrator's award. Clearly, the Defendant is unhappy with the award, and rightfully so. Nonetheless, the bias towards arbitration is a strong one, and arbitration awards will be set aside in only the most grievous of scenarios. In the instant case, we have one side that is satisfied with the award and one side that is not. Were the Court to interfere, we would still have divergent views—just the roles would be reversed and the Plaintiff would be moving the Court to vacate the award.

Regardless of which party is the movant, the role of the Court is clear. An arbitration award can be altered or vacated in only the most limited situations. Such a situation is not before the Court under the facts of this case. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's Motion to Vacate the Arbitration Award of April 4, 1985 is DENIED.[3]

---

**3.** There being nothing further to be determined by the Court, this action in its entirety is dismissed.