Sophie CHASSER, Plaintiff,

v.

PRUDENTIAL–BACHE SECURITIES and Shelly Drucker Cohen, Defendants.

No. 83–6622–CIV.

United States District Court, S.D. Florida.

Dec. 8, 1988.

Douglas de Almeida and Russell L. Forkey, Forkey and Falco, P.A., Deerfield Beach, Fla., for plaintiff.

Kathy M. Klock, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for defendants.

## ORDER DENYING MOTIONS

PAINE, District Judge.

This cause comes before the Court upon Plaintiff Chasser's Motion to Vacate Arbitration Award (DE 76), upon Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Vacate Arbitration Award (DE 85), and upon Defendants' Motion for Attorney's Fees and Costs (DE 88). On November 18, 1988 at 2:00 p.m. the Court heard oral argument on the pending motions. After full review of the evidence, argument and authorities the Court enters the following order.

Plaintiff and her husband, who has since deceased, commenced this action in August of 1983 against Prudential–Bache and Shelly Cohen, a former Prudential–Bache account executive. Pursuant to Defendants' motion, the Court entered an order compelling arbitration, as required by the terms of the customer agreement between Plaintiffs and Defendant Prudential–Bache. Arbitration was commenced on July 10, 1986 before a New York Stock Exchange Arbitration Panel. The final arbitration hearing was held on July 29–30, 1987. The proceedings concluded at 5:00 p.m. on July 30th and on that same day the arbitration panel entered the following decision:

And having heard and considered the proofs of the parties, have decided and

determined that in full and final settlement, the claim of the claimant be and hereby is dismissed in all respects.

The above quoted language represents the entire substantive portion of the panel's decision; that is, both the holding and the reasoning.

Arbitration awards may be set aside only in rare circumstances. Section 10 of the Federal Arbitration Act sets forth the statutory grounds upon which an arbitration award may be vacated. *See Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310 (7th Cir.1981). One such ground is "evident partiality" on behalf of the arbitrators. 9 U.S.C. Section 10. "Manifest disregard of the law" is a common law ground which also warrants vacation of an arbitration award. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Sheet Metal Workers Int'l v. Kinney Air Conditioning Co.*, 756 F.2d 742 (9th Cir.1985); *United States Steel and Carnegie Pension Fund v. Roy*, 637 F.Supp. 995 (S.D.Fla. 1986). Plaintiff urges the Court that the arbitrators hearing her case were evidently partial and that they manifestly disregarded the law.

In this case, the arbitrators failed to explain their conclusions or give any justifications for the outcome reached. The arbitrators' skeletal decision greatly restricted the ability of this Court to review its decision. Failure to explain the grounds for their decision "invites speculation and emasculates effective judicial review." *See In the Matter of Arbitration between: Al Ainsworth and Sam Skurnick*, Case No. 87–6464–Civ–Paine, United States District Court, Southern District of Florida, DE 21.

■ Nonetheless, the Supreme Court has held that this kind of conduct on the part of arbitrators is entirely appropriate. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). That is, an arbitration panel is under no obligation to give the reasons for its award. *Id.; see e.g., Kaiser Cement Corp. v. Fischbach and Moore, Inc.*, 793 F.2d 1100 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986). The burden is on Ms. Chasser to demonstrate

that the panel manifestly disregarded the law or that it was evidently partial to Prudential–Bache. Since absolutely nothing, but the bottom line, is "manifest" or "evident" from the decision of the panel, the Court must evaluate Plaintiff's contentions with reference only to the record produced at the arbitration proceeding. Indeed, because there is no opinion of the panel to guide the Court in its review, the Court is obligated to review the entire record of the arbitration proceeding to determine whether there exists any rational basis for the panel's award. Accordingly, the Court undertook the unfortunate task of a word by word reading of the 488 page transcript of the arbitration proceeding.

■ Plaintiff Chasser argues that "the arbitrators manifestly disregarded the law, in that the Defendants stipulated to facts which, under the applicable law, would provide for recovery by the Plaintiff, thereby leaving no discretion to the arbitrators." (DE 76 at 3). Plaintiff contends that because Defendants stipulated that Ms. Cohen "solicited" from Mr. Chasser the purchase of Gilman stock, the arbitrators were bound, according to the law, to find for Plaintiff. Plaintiff's assertion, however, is invalid. Even if Ms. Cohen owed a fiduciary duty to the Chassers, because of the solicitation, significantly more is necessary before the law mandates a finding for the Plaintiff. Without speculating on the actual reasoning of the arbitration panel, a thorough reading of the transcript satisfies the Court that the panel may have concluded that (1) the Chassers did not rely on Ms. Cohen's solicitation; (2) that Ms. Cohen's negligence, if any, was not the proximate cause of the Chasser's investment losses; (3) that Ms. Cohen, though a fiduciary, did not breach that duty; (4) that the Chassers entire cause is time barred by the applicable statutes of limitations; or, (5) that the Chassers ratified the Defendants' actions. Any of these possible rationales could have motivated the arbitrators to dismiss the entire suit, and such action does not represent a manifest disregard of the law.

■ Next, Plaintiff argues that the arbitration panel was "evidently partial to the

Defendants by allowing testimony of two separate witnesses, over Plaintiff's proper and timely objections, as to conversations between the Defendants and Kenneth Chasser which were clearly heresay [sic]." (DE 76 at 7). Plaintiff argues that pursuant to the Florida and Federal Rules of Evidence, such hearsay testimony is inadmissible. Defendants concede the applicable Federal and Florida law for use in court trials. (DE 85 at 18). Arbitration proceedings, however, are not constrained by the formal rules of evidence. *Hoteles Condado Beach etc. v. Union De Tronquistas Local 901*, 763 F.2d 34 (1st Cir.1985). The *Hoteles* Court noted:

> An arbitrator enjoys wide latitude in conducting an arbitration hearing. Arbitration proceedings are not constrained by formal rules of procedure or evidence; the arbitrators role is to resolve disputes, based on his consideration of all relevant evidence, once the parties to the dispute have had a full opportunity to present their cases.... The arbitrator is the judge of the admissibility and relevancy of evidence submitted in an arbitration proceeding.... The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments.... Absent exceptional circumstances, therefore, a reviewing court may not overturn an arbitration award based on the arbitrator's determination of the relevancy or persuasiveness of the evidence submitted by the parties.

*Id.*, 763 F.2d at 38–40. Given this standard, it is clear that the arbitrators' admission of traditionally hearsay evidence does not evince any evident partiality on their part.

Because Plaintiff Chasser has failed to meet the heavy burden of proof necessary for vacatur of an arbitration award, it is

ORDERED and ADJUDGED that Plaintiff Chasser's Motion to Vacate Arbitration Award (DE 76) is DENIED. It is further

ORDERED and ADJUDGED that Defendants' Motion for Attorney's Fees and Costs (DE 88) is DENIED.

DONE and ORDERED.