The ASSOCIATED CONSTRUCTION
COMPANY

v.

MOLITERNO STONE SALES, INC.

Civ. No. H–91–585 (TEC).

United States District Court,
D. Connecticut.

Jan. 21, 1992.

Robert G. Wetmore, The Marcus Law Firm, New Haven, Conn., for Associated Const. Co.

Jerrold A. Olanoff, Corwin & Corwin, Boston, Mass., and Clifford Grandjean, Sorokin, Sorokin, Gross, Hyde & Williams, Hartford, Conn., for Moliterno Stone Sales, Inc.

## RULING ON MOLITERNO'S MOTION TO CONFIRM AND ASSOCIATED'S APPLICATION TO VACATE ARBITRATION AWARD

CLARIE, Senior District Judge.

Pursuant to 9 United States Code section 10(d), the Associated Construction Company ("Associated") has applied to the Court for an order vacating an arbitration award rendered in favor of Moliterno Stones Sales Inc. ("Moliterno"). In response, Moliterno has moved to confirm the arbitration award pursuant to 9 U.S.C. § 9.

## I. BACKGROUND

On October 26, 1983 Moliterno and Associated entered into a written subcontract for the construction of a state Criminal Court Facility, located on Lafayette and Russ streets in Hartford, Connecticut. The subcontract contained an arbitration clause which reads in relevant part:

> All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor.... If the Contract Documents do not provide for arbitration or fail to specify the manner and procedure for arbitration, it shall be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

The general contract for the project between the State of Connecticut and Associated likewise contained an arbitration provision.[1]

---

1. The provision read as follows: 11. *AGREEMENT TO ARBITRATE:* Any dispute arising out of the awarding of the contract for this project by the Commissioner of Administrative Services, or performance thereunder, shall be submitted to arbitration under the rules of the American Arbitration Association.

On July 16, 1985, Moliterno made demand for arbitration when a dispute had arisen between the parties to the subcontract. Associated responded and filed counterclaims. Arbitration hearings were conducted over a six month period and the arbitrators rendered an award in favor of Moliterno in the amount of $1,062,524.91. In addition, Associated was directed to pay Moliterno an additional $11,175 in costs and fees.

## II. DISCUSSION

The question presented by the instant motions is whether Connecticut substantive law, specifically General Statutes section 4–126c, compels the Court to vacate the award rendered by the arbitrators on the basis that the arbitrators failed to issue written findings of fact.[2]

9 United States Code section 10(d) states in relevant part:

> ... [T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

An arbitration award may also be vacated where the arbitrators acted in "manifest disregard of the law." *Fahnestock & Co., Inc. v. Waltman*, 935 F.2d 512, 515 (2d Cir.1991) *citing Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 265 (2d Cir.1989); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933–34 (2d Cir. 1986). Associated asserts that the arbitrators exceeded their powers and manifestly disregarded the law in granting the award by failing to issue writing findings. Associated argues that such findings are required by Connecticut General Statutes section 4–126c, which they contend is applicable to this controversy.

Our Court of Appeals has "consistently accorded the narrowist reading to section 10(d), 'especially when it has been invoked in the context of the arbitrators alleged failure to correctly decide a question which all concede to have been properly submitted in the first instance.'" *Fahnestock*, 935 F.2d at 515, *citing Synergy Gas Co. v. Sasso*, 853 F.2d 59, 63 (2d Cir.), *cert. denied*, 488 U.S. 994, 109 S.Ct. 559, 102 L.Ed.2d 585 (1988). Here, it is undisputed that the dispute between the parties is covered by the arbitration clause of the subcontract and was voluntarily submitted to arbitration. The subcontract documents, signed by both parties, mandated arbitration of any dispute arising from the contract.

It is axiomatic that arbitrators need not disclose the reasoning behind their award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). *Fahnestock*, 935 F.2d at 516; *Koch Oil, S.A. v. Transocean Gulf Oil Co.*, 751 F.2d 551, 554 (2d Cir.1985). It is also undisputed that the American Arbitration Association does not require written findings of fact to be issued by arbitrators. "Neither the law of arbitration nor the Rules of the AAA require the arbitrators to give reasons for their conclusions or express anything other than their signature to the award." *Sperry Intern. Trade, Inc. v. Government of Israel*, 602 F.Supp. 1440, 1443 (S.D.N.Y.1985); *citing Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir.1972). Thus, arbitrators do not manifestly disregard the law by failing to provide an analysis of their award. *See Transit Cas. Co. v. Trenwick Reinsurance Co. Ltd.*, 659 F.Supp. 1346 (S.D.N.Y.1987), *aff'd* 841 F.2d 1117 (2d Cir.1987).

General Statutes section 4–126c does not eviscerate the foregoing established principles. Section 4–126c states in relevant part:

> Any dispute arising out of the awarding of a contract by the commissioner of public works or performance thereunder

---

**2.** Associated further alleges that the award should be vacated based on the unconstitutionality of Connecticut's post award arbitration provisions. These claims must fail as the motion to vacate is premised under the Federal Arbitration Act and thus, the referenced state court provisions are inapplicable.

shall be submitted to arbitration under the rules of the American Arbitration Association and each contract entered into by said commissioner shall contain provision for arbitration under such rules. The arbitrator shall issue written findings of fact and a written decision based upon those facts.

Without reaching the question whether the statute applies to subcontracts where the State is not a direct party to the dispute, application of the statute does not offer grounds to vacate the award. "Judicial inquiry [into an arbitration award] under the manifest disregard standard is extremely limited." *Fahnestock*, 935 F.2d at 516, *citing Bobker*, 808 F.2d at 933–34. "[T]here must be 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law,' [citation omitted] in order to sustain a finding of manifest disregard of the law." *Fahnestock*, 935 F.2d at 516; *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir.1990). Likewise, it cannot be said that a failure to issue written findings constitutes an abuse of the arbitrators' powers or such imperfect execution that "a mutual, final and definite award" is not made. *See Antwine*, 899 F.2d at 413.

THEREFORE, based on the foregoing, Associated's motion to vacate is DENIED, and Moliterno's motion to confirm is GRANTED.

SO ORDERED.