ORDER DENYING PLAINTIFFS’ MOTION TO COMPEL ARBITRATION AND GRANTING DEFENDANT’S CROSS MOTION TO CONFIRM ARBITRATION AWARD
 

 RYSKAMP, District Judge.
 

 THIS CAUSE came before the Court upon plaintiffs’ Motion to Compel Arbitration (“Motion”) and Accompanying Memorandum of Law (“Memo”) [DE 37] in which plaintiffs request the Court vacate the arbitration award entered in this matter. Defendant replied in opposition, and filed a Cross-Motion to Affirm Arbitration (“Response”) [DE 39]. Plaintiffs have made subsequent Requests for Oral Argument [DE 41 & 43].
 

 I. Procedural History
 

 Plaintiffs, First Preservation Capital, Inc. and Sheen Financial Resources, Inc. (collectively “Sheen entities”)
 
 [1]
 
 brought suit against Smith Barney, Harris Upham
 
 &
 
 Co., Inc. (“Smith Barney”) in 1991. The Sheen entities alleged Smith Barney misappropriated trade secrets, tortiously interfered with advantageous business relationships, interfered with contracts, and committed acts of conversion and civil theft. On November 12, 1991, the case was removed to this Court and on September 23, 1992, the Court compelled arbitration.
 

 Arbitration was conducted under the National Association of Securities Dealers’ (NASD) code of arbitration. Smith Barney was represented by counsel. Brian Sheen (“Sheen”), the President/Authorized Representative of Sheen entities, appeared
 
 pro se
 
 as the arbitration representative for Sheen entities.
 
 [2]
 
 See, e.g., Memo, Ex. “E.” The parties selected three arbitrators to preside over the dispute (“Panel”).
 

 On the eve of arbitration, Sheen moved for a directed verdict as a sanction for Smith Barney’s alleged discovery abuse.
 
 [3]
 
 Response, Ex. “0.” On October 25, 1995, the discovery period ended. Response, Ex. “C,” p. 329. For the next three days, the Panel conducted arbitration proceedings. Motion, ¶ 2.
 

 On November 15, 1995, before the Panel finalized the proceedings but after the discovery cut off date, Sheen addressed a letter to his former clients whom he alleged Smith Barney had improperly solicited (“Letter”).
 
 [4]
 

 Id.
 
 Ex. “D.” This letter, written on Sheen’s
 
 *1562
 
 personal stationery, was in reference to the arbitration pending between the Sheen entities and Smith Barney. He wrote:
 

 In an effort to avoid having to subpoena you to appear at these proceedings later this month, I have enclosed a survey questionnaire. Please complete this survey, have it notarized and return it to me [Sheen] prior to January 1, 1996.
 
 FAILURE TO COMPLETE AND RETURN THIS MAY RESULT IN A SUBPOENA BEING ISSUED AND SERVED UPON YOU BY THE SHERIFFS DEPARTMENT,
 
 ordering your appearance at the hearings in Fort Lauderdale on January 23 and January 24, 1996.
 
 [5]
 

 Id.
 
 (emphasis in original).
 

 Upon learning of the Letter, Smith Barney requested temporary injunctive relief in Florida’s Fifteenth Circuit Court.
 
 [6]
 
 Response, Ex. “E.” In granting the relief requested, the Court characterized the Letter as “coercive, threatening, and constituting] inappropriate communication with [Smith Barney’s] elderly [customers, many of whom reside outside of Palm Beach County].”
 
 Id.
 
 at p. 2, ¶ 5.
 

 Florida’s Fifteenth Circuit Court also found the Letter contained erroneous statements of law that were interpreted “to mean that the processes of the Court may be used against [the recipients] for [their] failure to perform a voluntary act, specifically [their] failure to make an affidavit which was enclosed with and referenced in the Letter.”
 
 Id.
 
 at p. 2, ¶ 4. The Court concluded that, “recipients of Mr. Sheen’s Letter have been, will continue to be, "and will be in the future, irreparably harmed by the coercive, threatening and inappropriate Letter. Such harm has arisen from inexcusably aroused emotional and mental anguish intentionally induced by Mr. Sheen’s letter ...”
 
 Id.
 
 at p. 2, ¶11.
 

 To mitigate the harms caused by the Letter, Florida’s Fifteenth Circuit Court entered an injunction against Sheen.
 
 Id.
 
 Sheen was prohibited from mailing additional copies of the Letter, contacting the recipients- of the letter or indicating that the processes of the court could be used to compel filling out an affidavit. Sheen was further required to instruct recipients of the letter who contacted him of the terms of the injunction and provide Smith Barney and the Court with a list of individuals to Whom the Letter was sent.
 
 Id.
 
 at p. 3, ¶ 1 — 7.'
 

 Smith Barney moved for the Panel to dismiss the case in its entirety as a sanction for Sheen’s actions. They also sought additional sanctions. Response, Ex. “F,” ¶ 9, 10 & 11. After reviewing Sheen’s letter, the Panel dismissed the Sheen entities’ arbitration claims in their entirety with prejudice.
 
 Id.
 
 ¶ 1.
 

 Plaintiffs then requested an emergency hearing by NASD to set aside the dismissal. Memo, Ex. “E,” p. 1. Sheen asserted several reasons why the ruling should be overturned, including: (1) the Panel had not yet ruled on whether Sheen could obtain the information at issue, thus he felt “it was the only way [he] could get this discovery,” (2) the mailing was orchestrated through legal counsel, and Sheen was not personally involved,
 
 [7]
 
 (3) in Sheen’s opinion, defendants were not prejudiced, did not lose evidence, and did not experience undue expense, and (4) “if the panel had granted what [Sheen] believed to be reasonable discovery requests, [Sheen does] not believe this would have occurred.”
 
 Id.
 
 at 1-2. Sheen cited the dissent of
 
 Kozel v.
 
 Ostendorf,
 
 [8]
 
 603 So.2d 602, 603 (Fla.1992),
 
 *1563
 
 as providing a test to determine whether the dismissal with prejudice was warranted. Plaintiffs also threatened that if NASD failed to set aside the Final Order and dismissal “it is apparent the Appeals Court will overturn this Dismissal.” Memo, Ex. “E,” p. 2.
 

 Defendant opposed the motion to set aside the dismissal, and reduced to writing additional allegations of discovery abuses. Smith Barney noted that a witness was verbally abused and threatened by Sheen. They also asserted that “another witness was badgered until nearly coming to blows with Sheen.” Memo, Ex. “F,” p. 1. Defendant indicated that Sheen had filed Bar complaints against both of Smith Barney’s counsel as a result of the proceedings. The Florida Bar later determined the allegations against Smith Barney’s attorneys were fallacious. Letters from Richard Liss, Assistant Staff Counsel, to Sheen (Mar. 29, 1996 and Feb. 9, 1996).
 

 The Panel denied Sheen’s request for a rehearing on the dismissal of his action. Memo, Ex. “G.” Plaintiffs now move this Court to overturn the Panel’s decision.
 

 II. Legal Standard
 

 “It is well-established that ‘[t]he purpose of the Federal Arbitration Act (“FAA”) was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation.’ ”
 
 O.R. Sec., Inc. v. Professional Planning Assoc.,
 
 857 F.2d 742, 745 (11th Cir.1988) (quoting
 
 Ultra-cashmere House, Ltd. v. Meyer,
 
 664 F.2d 1176, 1179 (11th Cir.1981)). See also,
 
 Robbins v. Day,
 
 954 F.2d 679, 682 (11th Cir. 1992),
 
 cert. denied,
 
 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992). “Accordingly, the Federal Arbitration Act presumes that reviewing courts will confirm arbitration awards and that the courts’ review of the arbitration process will be severely limited.”
 
 Robbins,
 
 954 F.2d at 682 (citations omitted).
 

 When reviewing arbitration awards, Courts are expected to give great deference to arbitration awards.
 
 Nitram Inc. v. Industrial Risk Insurers, et al.,
 
 848 F.Supp. 162, 165 (M.D.Fla.1994) (citing
 
 O.R. Sec.,
 
 857 F.2d at 746) (additional citation omitted). See also,
 
 Brown v. Rauscher Pierce Refsnes, Inc.,
 
 994 F.2d 775, 778 (11th Cir.1993) (Federal Arbitration Act presumes arbitration decision will be confirmed);
 
 Booth,
 
 902 F.2d at 932;
 
 O’Rear v. Am. Family Life Assurance Co. of Columbus, Inc., et al.,
 
 817 F.Supp. 113, 115 (M.D.Fla.1993);
 
 Dole Ocean Liner v. Georgia Vegetable Co.,
 
 84 F.3d 772, 774 (5th Cir.1996) (courts should only set aside arbitrators’ decisions in narrow circumstances). This deferential review is required to promote the primary advantages of arbitration — speed and finality.
 
 Robbins,
 
 954 F.2d at 682.
 

 Deference given to arbitrators’ decisions accompanies not only a review of the final order itself, but also arbitrators’ decisions “to control the order, procedure and presentation of evidence.”
 
 Nitram,
 
 848 F.Supp. at 165. Arbitrators are given considerable liberty in conducting an arbitration hearing.
 
 Robbins,
 
 954 F.2d at 685. Their proceedings are in no way constrained by formal rules of procedure or evidence.
 
 Id.
 
 See also,
 
 Hoteles Condado Beach, La Concha & Convention Center v. Union De Tronquistas Local 901,
 
 763 F.2d 34, 38 (1st Cir.1985);
 
 Sunshine Mining Co. v. United Steelworkers of America,
 
 823 F.2d 1289 (9th Cir.1987);
 
 Chasser v. Prudential Bache Securities,
 
 703 F.Supp. 78, 79 (S.D.Fla.1988).
 

 When examining an arbitration award, it is not necessary for the Court to have the reasons for the decision explicitly stated.
 
 Robbins,
 
 954 F.2d at 684;
 
 Nitram,
 
 848 F.Supp. at 165. See also,
 
 Associated Const. Co. v. Moliterno Stone Sales, Inc.,
 
 782 F.Supp. 15 (Conn.1992) (despite requirement of local law that arbitrators state reasons for decision, arbitrators’ failure to do so is insufficient to vacate award). Furthermore, Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation.
 
 Ainsworth v. Skurnick,
 
 960 F.2d 939, 940 (11th Cir.1992). So long as the Court can infer a rational ground for the decision, “the award should be confirmed.”
 
 Huntsville Golf Dev., Inc. v. Brindley Const. Co., Inc.,
 
 847 F.Supp. 1551, 1554 (N.D.Ala.1992).
 

 Great deference is given to arbitration decisions. The Federal Arbitration Act has therefore created four limited statutory
 
 *1564
 
 grounds for vacatur.
 
 [9]
 

 Brown,
 
 994 F.2d at 778. The narrow nature of these grounds prevents the courts from “roam[ing] unbridled” in their oversight of arbitration awards.
 
 Robbins,
 
 954 F.2d at 683 (citation omitted). Judicial intervention is carefully restricted
 
 “to
 
 instances where the arbitration has been tainted in specified ways.”
 
 Id.
 
 For example, Courts are prohibited from vacating awards solely on the basis of error of law or interpretation. Instead, “misconduct pertaining to the proceedings on the part of the arbitrators or the parties” must be present for vacatur.
 
 Id.
 
 In addition to these narrow statutory grounds, the Eleventh Circuit has recognized two non-statutory grounds for vacatur.
 
 [10]
 

 Id.
 

 When there exists no rationale for the arbitration decision, the reviewing Court must first determine if there is a rational basis for the decision.
 
 [11]
 

 Id.
 
 at 779. Such examination must comport with the policies of deference and assumptions of rationality that accompany the review of an arbitration decision.
 
 Id.
 
 In addition, “the party requesting vacatur bears the burden of refuting every rational basis upon which the arbitrator could have relied.”
 
 Id.
 
 at 684. “If unsuccessful, the award is deemed to have a ‘proper basis,’ and the party seeking vacatur is restricted to the four statutory grounds;” they may not raise the recognized non-statutory grounds.
 
 Brown,
 
 994 F.2d at 780, n. 4.
 

 III. Discussion
 

 In this case, the Panel offered no explanation of their reasoning for dismissing the action with prejudice. The Court must therefore determine whether a rational basis for the decision exists, and then review plaintiffs’ claims. If the dismissal is found to have a proper basis, plaintiffs are limited to the statutory grounds for vacatur.
 

 A
 
 Rational Basis For Decision
 

 Plaintiffs fail to challenge the rationality of the award other than to claim that it is in excess of the arbitrators’ authority and defendant did not request dismissal
 
 with prejudice.
 
 The Court disagrees, and finds that a rational basis for the Panel’s decision exists. It is certainly reasonable to assume that a request for dismissal encompasses a request for dismissal with prejudice. Further, the Court finds that Sheen’s inappropriate contact with Smith Barney’s clients in the middle of the arbitration hearing was so egregious and outside the realm of the rules of the arbitration proceedings that dismissal was a rational response on the part of the Panel.
 

 Having made that determination, the Court will now turn to plaintiffs’ statutory claims. Plaintiffs assert that the Panel exceeded its authority and should be vacated (1) under 9 U.S.C. § 10(a)(4) by exceeding their powers and (2) under 9 U.S.C. § 10(a)(3) by failing to provide a full and fair
 
 *1565
 
 hearing; they further contend that the Panel exceeded or imperfectly executed their powers and the award should be vacated under 9 U.S.C. § 10(a)(4) because the Panel awarded sanctions in excess of defendant’s request.
 

 B. Dismissal With Prejudice Within Panel’s Authority
 

 Plaintiffs first assert that the Panel does not have the authority to render a decision unless that decision is on the merits.
 
 [12]
 
 They argue that the Panel exceeded its authority under the NASD Code and the FAA by dismissing the claim without adjudicating the underlying cause of action.
 
 [13]
 
 9 U.S.C. § 10(a)(4).
 

 The FAA “allows arbitration to proceed with only a summary hearing and with restricted inquiry into factual issues.”
 
 Booth,
 
 902 F.2d at 932. Arbitrators’ decisions, therefore, do not encompass the extensive fact finding involved in trial; arbitration “resolves disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials.”
 
 Forsythe International S.A. v. Gibbs Oil Co. of Texas,
 
 915 F.2d 1017, 1022 (5th Cir.1990). Because arbitration proceedings are in no way constrained by formal rules of procedure or evidence,
 
 Id.,
 
 “once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, ‘procedural’ questions which grow out of that dispute and bear on its final disposition should be left to the arbitrator.”
 
 John Wiley & Sons, Inc. v. Livingston,
 
 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964). The arbitrators’ authority over proceedings is so expansive that parties may not infringe upon the arbitrators’ control over procedure; parties “may not superimpose rigorous procedural limitations on the very process designed to avoid such limitations.”
 
 Forsythe,
 
 915 F.2d at 1022.
 

 From the ease law, it appears that arbitrators have considerably more discretion over rules and procedures than do federal courts. Plaintiffs here are requesting the Court to impose procedural dictates on the Panel, which
 
 Forsythe
 
 makes clear is inappropriate. This is a case in which the procedural questions affecting final disposition of the matter should be left to the Panel. See,
 
 John Wiley,
 
 376 U.S. at 556, 84 S.Ct. at 918. Further, the great discretion arbitrators have over the proceedings must include the ability to halt proceedings such as this one, where plaintiffs’ abhorrent behavior was so clearly disruptive to the proceedings. If arbitrators are not permitted to impose the ultimate sanction of dismissal on plaintiffs who flagrantly disregard rules and procedures put in place to control discovery, arbitrators will not be able to assert the power necessary to properly adjudicate claims. This is a case where plaintiffs blatant disregard for the rules interfered with the Panel’s ability to arbitrate the claims and was therefore properly dismissed. Parties in arbitration must understand that willful violations of the discovery process can have severe consequences. They must also be aware that arbitrators have the power to enforce their directives. Allowing parties like Sheen to abuse the process not only serves to undermine the principles of arbitration, it will ultimately diminish the integrity of any court in which information obtained through an abuse of arbitration is used.
 

 In addition, reviewing the Court’s power to control proceedings if faced with similar con
 
 *1566
 
 ditions can serve as a guideline for examining the decision of the Panel. Under the Federal Rules of Civil Procedure, Rule 37, a federal court may dismiss a complaint with prejudice as a sanction against a party who has violated discovery. Fed.R.Civ.P., 37(b)(2)(C). For example, in
 
 Phipps v. Blakeney, et al.,
 
 8 F.3d 788 (11th Cir.1993), the Eleventh Circuit upheld a dismissal with prejudice based upon the district court’s power to control discovery and impose sanctions. They wrote, “we intend to protect the ability of district courts to police discovery simply and speedily.”
 
 Phipps,
 
 8 F.3d at 790. Dismissal with prejudice is unfavored. However, it “may be appropriate when a plaintiffs recalcitrance is due to wilfulness, bad faith or fault.”
 
 Id.
 
 (citing
 
 National Hockey League v. Metro. Hockey Club, Inc.,
 
 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).
 

 In
 
 Phipps,
 
 a
 
 pro se
 
 plaintiff brought suit against the federal government, asserting that his treatment during an arrest violated the Georgia and federal constitutions. After several discovery violations, the Court dismissed the case; the Eleventh Circuit upheld the dismissal. Many similarities exist between
 
 Phipps
 
 and this case. Both involved willful, intentional and deliberate behavior that interfered with discovery. See,
 
 Phipps,
 
 8 F.3d at 790; Response, Ex. “0,” p. 2, ¶ 4 & 5. Both involved eases where the decision maker had informed plaintiffs of the appropriate status of discovery,
 
 [14]
 
 and both plaintiffs blamed the judicial administrator for their sanctions.
 
 [15]
 
 Under Rule 37 and
 
 Phipps,
 
 this Court views dismissal with prejudice based upon plaintiffs’ intolerable discovery abuse as reasonable. Furthermore, this Court would not hesitate to dismiss this matter with prejudice if Sheen’s brazen disregard for process had occurred during proceedings before this Court.
 

 Arbitrators have considerably more discretion over rules and procedures than do courts, in accordance with the goals and structures of arbitration. Dismissal with prejudice is not an appropriate resolution of all discovery abuses in arbitration, nor is it one designed for frequent use. In this case, however, dismissal was in response to profound interference with and indifference to arbitration procedures. The Panel therefore appropriately exercised their discretion by formulating a proper sanction and dismissing the action with prejudice.
 

 Having concluded that the Panel’s dismissal was reasonable and did not exceed their authority, the Court need not address Sheen’s claim that the Panel failed to hear evidence pertinent and material to the controversy under 9 U.S.C. § 10(a)(3). When a claim is dismissed as a direct result of deplorable conduct by the party bringing the claim, the hearings will not be fully conducted. In addition, the Panel’s Final Order indicated that the Panel had determined a “full and final resolution” of the matter before them. Response, Ex. “G.” Plaintiffs have failed to refute this statement with evidence.
 

 C. Dismissal With Prejudice Not Outside of Defendant’s Request
 

 Plaintiff next contends that the Panel exceeded its authority in violation of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4) by granting a request not made by defendant. Plaintiffs assert that, while defendant did request dismissal in its entirety, it did not explicitly request dismissal with prejudice, and therefore dismissal with prejudice is improper. Plaintiffs rely on
 
 Piggly Wiggly Operators’ Warehouse, Inc. v. Piggly Wiggly Operators’ Warehouse Independent Truck Drivers Union, Local No. 1,
 
 611 F.2d 580 (5th Cir.1980), and
 
 Totem Marine Tug & Barge v. North American Towing,
 
 607 F.2d 649 (5th Cir.1979), for the principle that arbitrators may only decide issues that have been submitted to them. Plaintiffs reliance on these cases, however, is misplaced. Both
 
 Piggly Wiggly
 
 and
 
 Totem
 
 are cases where
 
 *1567
 
 the contract specifically outlined and limited the issues before the arbitrators. When the Court compelled arbitration in the case at bar, no limitations were placed on the matters plaintiffs submitted to arbitration.
 
 Piggly Wiggly
 
 and
 
 Totem
 
 are both labor law cases; this case is a corporate dispute and governed by different rules of arbitration. Further, plaintiffs’ cases rely on 9 U.S.C. § 10(d), a statutory ground outside the scope of this Court’s review.
 

 Plaintiffs essentially argue that the language of defendant’s Motion for Sanctions, requesting that the panel “dismiss this case in its entirety,” was a petition for simple dismissal without prejudice and the award should therefore be vacated. See, Memo, Ex. “B,” p. 3, ¶ 10. However, courts are generally prohibited from vacating an award by arbitrators on the basis of errors of law or interpretation.
 
 Ainsworth,
 
 960 F.2d at 940 (concerning questions of statutory or contractual interpretation). Certainly, if the Court is to defer to arbitrators in determining questions of law, the interpretation of a motion filed with the Panel is more appropriately left to them. So long as the Panel’s interpretation of the issue is not clearly erroneous, the Court shall provide the Panel with the deference required by considerable case law. The Court also believes that arbitrators have the power to formulate appropriate sanctions stemming from their considerable control over process, making plaintiffs’ argument even less persuasive.
 

 The Court finds the Panel’s interpretation of defendant’s request to “dismiss this case in its entirety” to be completely reasonable. Plaintiffs’ actions were conducted with atrocious disregard for the Panel’s control over the case generally and discovery specifically. Plaintiffs were clearly aware that the discovery period had ceased. Despite this, plaintiffs threatened non-parties that their failure to complete a voluntary action would result in the processes of the judicial system being used against them. This ease has been pending, either in the courts or in arbitration, since 1991, at presumably great expense to defendants. Moreover, plaintiffs’ abhorrent actions likely resulted in additional costs to defendants, who had to assure their elderly clients that they would not be served process by the sheriff, nor would they be required to leave their homes and travel to Palm Beach County if they failed to participate in plaintiffs’ last minute attempt to harvest information
 
 and solicit new business.
 
 It was certainly reasonable for defendant to request dismissal with prejudice. It is more than reasonable for an interpretation of a request that the ease be dismissed “in its entirety,” made in a forum whose procedural rules are more relaxed than the Courts, to be a request for dismissal with prejudice.
 

 IV. Conclusion
 

 Dismissal of a lawsuit, to be sure, is the harshest of sanctions. However, the Panel seriously considered the dismissal of this matter not once, but twice, the second time at plaintiffs’ behest. Plaintiffs’ behavior was clearly both intentional and damaging to the proceedings. Given the improper timing and the deplorable nature of plaintiffs’ actions, this Court would have legitimately dismissed this case. In accordance with substantial precedent in which courts defer to arbitrators’ decisions, the Court therefore defers to the judgment of the arbitration panel in this matter.
 

 THE COURT has considered the Motion and pertinent portions of the record, and being otherwise fully advised in the premises, it is
 

 ORDERED AND ADJUDGED:
 

 (1) Plaintiffs’ Motion to Compel Arbitration [DE 37-1] is DENIED;
 

 (2) Plaintiffs’ Motion for Additional Time [DE 37-2] is GRANTED;
 

 (3) Defendants’ Motion to Confirm Arbitration [DE 39] is GRANTED;
 

 (4) Plaintiffs’ Motions for Oral Arguments [DE 41 & 43] are DENIED.
 

 The Clerk of the Court shall AFFIRM the decision of the Arbitration Panel, CLOSE this case and DENY all pending motions as moot.
 

 [1]
 

 . The Sheen entities are dissolved Florida corporations.
 

 [2]
 

 . It is unclear in what capacity Sheen was acting throughout the arbitration proceedings. Because of Sheen's dual capacity as both Arbitration Representative and as President/Authorized Representative of the Sheen entities, actions taken by Sheen serving in either of these capacities, as well as individually, during the course of arbitration are considered to be those of plaintiffs by and through their authorized representative, as opposed to actions of plaintiffs’ counsel.
 

 [3]
 

 . It is unclear from the record before the Court if the arbitration panel ruled on this motion.
 

 [4]
 

 . While the letter is addressed “Dear Former Client,” Smith Barney maintains that the letter was sent to Smith Barney clients whose names were not on the broker’s list Smith Barney allegedly used to steal the Sheen entities’ clients. Response, Ex. "F,” ¶ 4. In addition, a number of the recipients of the Letter were specifically released by Sheen.
 
 Id.,
 
 at ¶ 5.
 

 Sheen has admitted to sending the letter to a "list of former clients
 
 and prospects
 
 ...” Memo, Ex. "C” (emphasis added).
 

 [5]
 

 . The letter also included an "attestation,” which was to be signed by the affiant before a Notary Public, as well as an advertisement for an insurance and annuity rebating plan that recipients could take advantage of by calling Sheen personally at a 1-800 number.
 
 Id.
 

 [6]
 

 .
 
 A hearing was held in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida. Although Sheen was provided notice of the hearing by the Court, Sheen did not exercise his right to appear and be heard. See, Response, Ex. "E," p. 1.
 

 [7]
 

 . Neither the Court nor defendants are aware of any counsel of record for the proceedings before the Panel.
 

 [8]
 

 . In
 
 Kozel,
 
 the majority upheld a lower court's decision to dismiss a claim with prejudice due to the attorney's misconduct. The defense listed six factors it felt the majority should have considered before confirming the dismissal with prejudice
 
 due to the attorney’s misconduct.
 

 [9]
 

 . The statute's relevant portions provides:
 

 10. Same; vacation; grounds; rehearing (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any parly to the arbitration — •
 

 (1) Where the award was procured by corruption, fraud, or undue means.
 

 (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
 

 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 

 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made____
 

 9 U.S.C. § 10 (West Supp.1996).
 

 [10]
 

 . The non-statutoiy grounds for vacatur that exist in the Eleventh Circuit include: (1) the award is "arbitrary and capricious,”
 
 Robbins,
 
 954 F.2d at 683, and (2) the award is contrary to public policy,
 
 Brown,
 
 994 F.2d at 780. While other courts have held an award in "manifest disregard of the law,” may be vacated, the Eleventh Circuit has rejected this non-statutory ground.
 
 Robbins,
 
 954 F.2d at 683.
 

 [11]
 

 . This Court was unable to find a case in which the arbitrator dismissed the case with prejudice where the arbitrator's decision was appealed. Therefore, the Court is using the procedural requirements established by the Eleventh Circuit for reviewing appeals of other civil arbitration disputes, which primarily involve the award of monetary damages.
 

 [12]
 

 . It is ironic that plaintiffs' assault on the Panel’s resolution of their claims focuses on the Panel’s power, or lack thereof, to conclude the case without a hearing. Plaintiffs, prior to the beginning of the hearings, moved for sanctions in response to alleged bad faith actions on the part of Smith Barney, essentially seeking an award in their favor on the basis of alleged wrongdoing.
 

 [13]
 

 . Plaintiffs have also contended that NASD Code Section 16 does not allow for the dismissal of a claim with prejudice. This section reads, in pertinent part,
 

 “At any time during the course of an arbitration, the arbitrators may either upon their own initiative or at the request of a party dismiss the proceedings and refer the parties to the remedies provided by applicable law.” NASD Code, § 16.
 

 While plaintiffs are correct that the NASD Code does not specifically provide for dismissal with prejudice, it also does not prohibit one. Plaintiffs' dependence on this lack of wording is therefore misplaced.
 

 [14]
 

 . In
 
 Phipps,
 
 plaintiff was told he must join in discovery.
 
 Phipps,
 
 8 F.3d at 790. Here, Sheen acknowledged- discovery ended prior to mailing the Letter. Response, Ex.
 
 “C,"
 
 p. 329.
 

 [15]
 

 . In
 
 Phipps,
 
 plaintiff asserted that the district judge was "wicked” and dishonest.
 
 Phipps,
 
 8 F.3d at 790. Sheen informed NASD that he would not have mailed the Letter if the panel had granted what he considered to be a "reasonable discovery request.” Memo, Ex. "E,” p. 1.