WASHINGTON MUTUAL BANK, F.A.,
a federal savings bank, Movant,

v.

AMERICAN FINANCIAL NETWORK
a Florida corporation,
Respondent.

No. 05-80553CV.

United States District Court,
S.D. Florida.

Feb. 6, 2006.

Michael Robert Cavendish, Boyd & Jenerette, Jacksonville, FL, for Movant.

## ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Washington Mutual Bank's Motion to Confirm Arbitration Award (DE 1), filed June 16, 2005; American Financial Network's Request for Hearing (DE 4), filed August 3, 2005; and American Financial Network's Motion to Vacate Arbitration Award (DE 6), filed August 10, 2005. The Court has reviewed the record and is otherwise fully advised in the premises.

## I. BACKGROUND [1]

On April 30, 2004, Washington Mutual

---

1. These allegations in Washington Mutual's Motion are not in dispute. (*See* Answer ¶ 2.)

initiated arbitration proceedings against American Financial Network for breaches of representations and warranties as to a discrete number of mortgage loans American Financial Network sold to Washington Mutual, pursuant to a mandatory arbitration provision in the parties' Correspondent Purchase and Sale Agreement.[2] (Mot. ¶¶ 5–10; *see also* Ex. A.)

American Financial Network retained counsel and opposed Washington Mutual's demand for relief throughout the arbitration proceedings. (Mot. ¶ 11.)

On March 8–9, 2005, a final hearing was held before an arbitrator of the American Arbitration Association in Florence, South Carolina. (Mot. ¶ 12.) On May 18, 2005, the Arbitrator entered an Award in favor of Washington Mutual. (Mot. ¶ 13; *see also* Ex. C.)

Washington Mutual now moves for confirmation of the Award, a judgment in the amount of the Award, plus pre-judgment and post-judgment interest thereon. The Award provides that Washington Mutual recover from American Financial Network a total of $ 6,234,706.13, plus interest at the rate of 8% per annum.

American Financial Network has filed an Answer[3] to the Motion to Confirm, admitting that jurisdiction[4] and venue are proper in this Court, but opposing confirmation of the Award. American Financial Network argues that Washington Mutual is not entitled to entry of final judgment because it may appeal an order confirming the Arbitration Award, and denies generally that Washington Mutual is entitled to any relief.

American Financial Network also moves to vacate the award pursuant to 9 U.S.C. § 10(a)(3), on the basis that (1) the Arbitrator was guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, as well as "other misbehavior;" (2) the Arbitrator refused to allow American Financial Network to conduct timely discovery; (3) the Arbitrator refused to grant an extension of time to postpone the Arbitration Hearing after Washington Mutual refused to respond to timely discovery requests; and (4) the Arbitrator's Award did not contain findings of fact or law establishing that Washington Mutual was entitled to the relief granted.

## II. ANALYSIS

This action is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Section 9 of the FAA provides that

---

**2.** Section 8.14 of the Agreement provides:

> In the event a dispute arises regarding this Agreement, the Parties agree that such dispute shall be submitted to final and binding arbitration before the American Arbitration Association ... The arbitration will proceed in accordance with the rules of the AAA unless all Parties agree to a different procedure.

(Mot., Ex. A.)

**3.** The Federal Arbitration Act provides that generally any application to the Court thereunder "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6.

**4.** Although the parties' Agreement does not, by its terms, address judicial confirmation of the Award, the Agreement incorporates the Rules of the American Arbitration Association, which at the time provided that "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Am.Arb.Ass'n. Commercial R–50.c (Jan. 1, 2003); *see also Booth v. Hume Pub. Inc.*, 902 F.2d 925, 930 (11th Cir.1990)(where agreement does not expressly provide for judicial confirmation of an award, provision that arbitrator's determination would be final and binding, in addition to respondent's full participation in arbitration process, are sufficient to confer authority on district court to confirm arbitration award). American Financial Network has also invoked the jurisdiction of this Court by filing its Motion to Vacate here.

the Court, upon proper application, must issue an order confirming an arbitration award "unless the award is vacated, modified, or corrected" as prescribed in Sections 10 and 11 of the Act.

A party seeking to vacate an arbitral award under Section 10[5] of the FAA bears the burden of asserting sufficient grounds to vacate the award. *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir.2000). The rules of notice pleading under the Federal Rules of Civil Procedure do not apply to a motion to vacate an arbitration award. *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 748 (11th Cir. 1988). Rather, an application under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions[.]" 9 U.S.C. § 6. A motion "shall state with particularity the grounds therefor[.]" Fed.R.Civ.P. 7(b). "[V]ague, remote and speculative charges" cannot support an order vacating an arbitration award. *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1015 (11th Cir. 1998).

In the instant case, American Financial Network's four-paragraph Motion to Vacate only contains vague and conclusory allegations. These are not supported by any specific factual allegations or citation or reference to the record by which the Court could determine that the Arbitrator is guilty of misconduct, particularly in light of the great deference federal courts extend to arbitrators' procedural decisions.[6] *See, e.g., First Preservation Capital v. Smith Barney*, 939 F.Supp. 1559, 1563 (S.D.Fla.1996)("deference given to arbitrators' decisions accompanies not only a review of the final order itself, but also arbitrators' decisions 'to control the order, procedure and presentation of evidence' "); *Schmidt v. Finberg*, 942 F.2d 1571, 1574–75 (11th Cir.1991)(decision not to postpone hearing is not ground to vacate award as long as there is a reasonable basis for arbitrator's decision); *O.R. Securities*, 857 F.2d at 747 (it is well-settled that arbitrators need not explain reasons for award).

American Financial Network's three-paragraph Request for Hearing is similarly devoid of any basis sufficient for the Court to grant relief or conduct an evidentiary hearing on its claims. *See O.R. Securities*, 857 F.2d at 746, n. 3 (district court not required to hold evidentiary hearing where movant fails to allege sufficient bases for its claims).

Lastly, American Financial Network's argument that Washington Mutual is not entitled to entry of final judgment because there is a right to appeal an order confirm-

---

5. Under Section 10, the Court may vacate an arbitration award:

    (1) where the award was procured by corruption, fraud, or undue means;

    (2) where there was evident partiality or corruption in the arbitrators, or either of them;

    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

    The Court treats Paragraphs 2–4 of the Motion as providing illustrations of the Arbitrator's alleged misconduct, since American Financial Network has not cited any other ground for the Motion and these do not, standing alone, constitute a basis to vacate an award under the FAA.

6. In addition, the Motion to Vacate is not accompanied by a memorandum of law citing supporting authorities, as required by Local Rule. *See* S.D.Fla.L.R. 7.1.A.

**1158**

ing an arbitration award under 9 U.S.C. § 16(a)(1)(D) is without merit.

### III. CONCLUSION

For the reasons provided above, the Court confirms the Arbitration Award that is the subject of this proceeding, and shall enter final judgment forthwith.

Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Washington Mutual Bank's Motion to Confirm Arbitration Award (DE 1) is GRANTED;
2. American Financial Network's Request for Hearing (DE 4) is DENIED;
3. American Financial Network's Motion to Vacate Arbitration Award (DE 6) is DENIED.