# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2028
Lower Tribunal No. 22-5931
_____

**Michael Fisten,**
Appellant,

vs.

**Julie Brown,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellant.

Peretz, Chesal & Herrmann, PL and Steven I. Peretz and Albert A. Alvarez, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

SCALES, J.

In this proceeding brought under Florida's Revised Arbitration Code, appellant Michael Fisten, the petitioner below, appeals a November 4, 2022 final judgment in favor of the respondent below, appellee Julie Brown. The challenged final judgment incorporates the trial court's October 28, 2022 order ("Confirmation Order") that (i) denied, as legally insufficient, Fisten's March 30, 2022 motion to vacate a March 18, 2022 arbitration award ("Vacatur Motion"), and (ii) granted Brown's motion to confirm the arbitration award. We affirm.[1]

The circuit court has the exclusive jurisdiction to enter judgment on an arbitration award. See § 682.181, Fla. Stat. (2022). Where a party to an arbitration award moves to confirm an arbitration award, "the court shall issue a confirming order unless the award is modified or corrected pursuant to s. 682.10 or s. 682.14 or is vacated pursuant to s. 682.13." § 682.12, Fla. Stat. (2022). Barring allegations that an arbitration award was procured through corruption, fraud or other undue means, a motion to vacate an arbitration award "must be filed within 90 days after the movant receives notice of the award[.]" § 682.13(2), Fla. Stat. (2022). If a party moves to vacate an

---

[1] "This Court reviews orders on a petition to vacate an arbitration award under a mixed standard: facts are reviewed for competent and substantial evidence and legal questions are reviewed de novo." Israel v. Costanzo, 216 So. 3d 644, 646 (Fla. 4th DCA 2017).

2

arbitration award and the trial court denies the motion, and no "motion to modify or correct the award is pending, *the court shall confirm the award*." § 682.13(4), Fla. Stat. (2022) (emphasis added).

In this appeal, as below, Fisten concedes that his Vacatur Motion, although timely filed, was legally insufficient because the motion's allegations were in conclusory form without supporting facts demonstrating the applicability of any of section 682.13(1)'s enumerated grounds for vacating the arbitration award. See Schnurmacher Holding, Inc. v. Noriega, 542 So. 2d 1327, 1328 (Fla. 1989) ("Section 682.13(1) sets forth the only grounds upon which an award of an arbitrator in a statutory arbitration proceeding may be vacated[.] . . . Thus, in the absence of one of the . . . factors set forth in the statute, neither a trial court nor a district court of appeal has the authority to overturn the award."); § 682.015(1), Fla. Stat. (2022) (providing that "a petition for judicial relief under this chapter must be made to the court and heard in the manner provided by law or rule of court for making and hearing motions"); Fla. R. Civ. P. 1.100(b) (providing that an application to the court for an order made by written motion "must state with particularity the grounds for it"); accord Washington Mut. Bank, F.A. v. Am. Fin. Network, 414 F. Supp. 2d 1155, 1157 (S.D. Fla. 2006) ("In the instant case, American Financial Network's four-paragraph Motion to Vacate only

3

contains vague and conclusory allegations. These are not supported by any specific factual allegations or citation or reference to the record by which the Court could determine that the Arbitrator is guilty of misconduct, particularly in light of the great deference federal courts extend to arbitrators' procedural decisions."). Indeed, the Vacatur Motion merely cited the provisions of section 682.13(1) and alleged that "[a]t the appropriate time, FISTEN will file and serve an Amended Petition/Motion to Vacate Arbitration Award, in which he will fully present all of his grounds to vacate that award, with appropriate citations to the record." The Vacatur Motion's allegations were plainly insufficient.

Although Fisten concedes that the trial court properly denied his Vacatur Motion as legally insufficient, Fisten argues that the court should have permitted him to file an amended motion[2] rather than confirming the arbitration award. We disagree. Once the trial court denied the Vacatur Motion, and there being no pending motion to vacate, modify or correct the

---

[2] Citing to federal case law applying Federal Rule of Civil Procedure 15(a) – the federal counterpart to Florida Rule of Civil Procedure 1.190(a) governing the amendment of pleadings – Fisten argues that an amended motion to vacate would "relate back" to the date of his Vacatur Motion, and itself be a timely motion. See Bonar v. Dean Witter Reynolds, Inc., 835 F. 2d 1378, 1382 (11th Cir. 1988). Because, though, Fisten never sought to amend the Vacatur Motion at any point below prior to the lower court's denial of Fisten's legally insufficient motion, we need not, and therefore do not, reach this question.

arbitration award before it, "the trial court had no discretion but to confirm the award as rendered." <u>Broward Cnty. v. Paraprof'l Ass'n v. Sch. Bd. of Broward Cnty.</u>, 406 So. 2d 1252, 1253 (Fla. 4th DCA 1981); <u>see</u> § 682.13(4), Fla. Stat. (2022); <u>Moya v. Bd. Of Regents, State Univ. Sys. of Fla.</u>, 629 So. 2d 282, 284 (Fla. 5th DCA 1993) ("[T]he trial court does not have any discretion and must confirm the award unless one of the parties seeks to vacate, modify or correct the award within 90 days of delivery of the arbitrator's award, or unless there is an issue presented to the trial court in the motion to confirm which was not submitted to the arbitrator.").

Accordingly, we affirm the challenged judgment.

Affirmed.